# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

DONALD D. LEE,                          :

      Petitioner,                    :

vs.                                     :          CA 18-0187-KD-MU

MARY COOKS,[1]                          :

      Respondent.

## **REPORT AND RECOMMENDATION**

Donald D. Lee, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief. (Doc. 1). Lee has nominally filed his petition pursuant to only the general habeas statute, 28 U.S.C. § 2241, though his pleading also challenges the criminal conviction and sentence entered by the Circuit Court of Mobile County, Alabama in 1983. (*See id.*). This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72, and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. §

---

[1]    Mary Cooks is the Warden of G.K. Fountain Correctional Facility, www.doc.state.al.us/facility (last visited, November 6, 2020), the facility where Lee is housed (*see* Doc. 1, PageID. 1). Accordingly, Cooks is the proper respondent to this action. *See Rumsfeld v. Padilla,* 542 U.S. 426, 435, 124 S.Ct. 2711, 2718, 159 L.Ed.2d 513 (2004) (recognizing that the proper respondent is a habeas action is the warden of the facility where the prisoner is being held).

2244(d). Alternatively, it is recommended that the Court find that it is procedurally barred from reaching the merits of the claims Lee raises.

## **FACTUAL BACKGROUND**

In late September of 1982, Lee was arrested on a charge of first-degree assault of Officer Steve Arthur. (*See* Doc. 7-1, PageID. 160-61 & 169). After a preliminary hearing conducted in the District Court of Mobile County, Alabama on October 21, 1982, Lee's case was bound over to the grand jury. (*See id.,* PageID. 152 & 156). The very next day, October 22, 1982, the Grand Jury of the Circuit Court of Mobile County, Alabama, indicted Lee on a charge of attempted murder. (*Id.,* PageID. 53; *see also* Doc. 7-2, PageID. 173 (Lee's direct appeal brief reads that "[h]e was indicted on the charge of ATTEMPTED MURDER on October 22, 1982)). The indictment charged that Donald Dewayne Lee "did, with the intent to commit the offense of murder, a violation of § 13A-6-2 of the Code of Alabama, attempt to commit said offense by shooting Steve Arthur with a shotgun, in violation of § 13A-4-2 of the Code of Alabama[.]" (Doc. 7-1, PageID. 53).

On January 26, 1983, a jury of Lee's peers returned a verdict finding him guilty of the attempted murder of Officer Steve Arthur. (*Id.,* PageID. 46 & 54). After return of the guilty verdict, the trial judge scheduled Lee for sentencing on February 4, 1983. (*Id.,* PageID. 46).

On January 28, 1983, the District Attorney filed a motion for habitual offender adjudication (*id.*), giving notice therein that the State intended to establish Lee's past conviction in July of 1981 of first-degree receipt of stolen property (*id.,* PageID. 120; *see also id.,* PageID. 122-23 (certified copy of Lee's 1981 conviction for first-degree receipt

of stolen property)). On February 4, 1983, Lee was sentenced to life imprisonment under Alabama's Habitual Felony Offender Act. (*Id.*, PageID. 46). Defense counsel entered oral notice of appeal (*id.*), and, as well, filed written notice of appeal and a motion for a new trial on the date of sentencing (*see id.,* PageID. 113-14; *see also* PageID. 126-28 (appeal paperwork prepared by the Clerk of the Circuit Court of Mobile County, Alabama, clearly reflects that Lee was sentenced to life following his conviction for attempted murder)). In both of the written pleadings, defense counsel made note of Lee's attempted murder conviction on January 26, 1983. (*Id.,* PageID. 113-14).

Appellate counsel for Lee raised eight issues on direct appeal. (*See* Doc. 7-2, PageID. 175-76). The Alabama Court of Criminal Appeals affirmed Lee's attempted murder conviction and life sentence on January 10, 1984. *See Lee v. State,* 444 So.2d 895 (Ala. Crim. App. 1984).

> Donald Dewayne Lee, the appellant, was indicted and convicted for the attempted murder of Mobile Police Officer Steve Arthur. Sentence was life imprisonment.
>
> Although eight issues are raised on appeal, the questions they present have been fully answered by the Attorney General in brief and further consideration is not warranted. Even if the pretrial identification was found to be suggestive, the in-court identification was based on an independent source and was consequently reliable and admissible. *Cartee v. State,* 390 So.2d 1121 (Ala.Cr.App.), cert. denied, 390 So.2d 1126 (Ala. 1980); *Brazell v. State,* 369 So.2d 25 (Ala.Cr.App. 1978),  cert. denied, 369 So.2d 31 (Ala. 1979).
>
> Lee has filed a pro se brief in which he alleges he was denied a speedy trial and was denied the effective assistance of counsel. Lee was tried three months after his indictment in October of 1982. There is simply no evidence to support this charge. Likewise, there is nothing in the record to indicate incompetence of counsel. To the contrary, the record reflects that counsel was very competent and conscientious in his representation of Lee.
>
> The judgment of the circuit court is due to be affirmed.

AFFIRMED.

*Id.* at 895.

Petitioner did not file a petition for rehearing in the Alabama Court of Criminal Appeals and clearly did not seek certiorari review by the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued its certificate of judgment of final affirmance on February 2, 1984. (*See* Doc. 7-1, PageID. 48).

Lee did not collaterally attack his conviction and sentence in the state courts of Alabama. (*Compare* Doc. 1 *with* Doc. 7).  Lee filed his federal habeas corpus petition in this Court on or about April 13, 2018 (Doc. 1, PageID. 9), and therein raises the following claims he asserts entitle him to federal habeas corpus relief: (1) the 1982 indictment charged him with murder, in violation of his Fourth and Sixth Amendment rights to "due process and the 'confrontation clause,'" and was not amended to charge attempted murder when the victim, Steve Arthur, did not die from the gunshot wound; (2) his Fourth Amendment rights were violated by the Alabama DOC when it "amended his order of sentencing to show that his conviction for 'attempted murder' as a 'murder' [conviction]"; and (3) his rights under the Fourth, Sixth, and Fourteenth Amendments were violated when he was charged as a habitual offender for purposes of sentencing, as "the State failed to certify two prior convictions because Petitioner had only one prior conviction." (*See id.,* PageID. 6-7; *cf.* Doc. 7, PageID. 33 (the State has read Lee's attachment to his habeas petition as asserting the additional claim that "[t]he ALDOC did not have jurisdiction to alter his original sentence for attempted murder to reflect that he is serving a sentence for murder.")).

4

## CONCLUSIONS OF LAW

**A.    28 U.S.C. §§ 2241 and 2254.**  "In *Medberry v. Crosby,* 351 F.3d 1049 (2003), this Court held that there was but one habeas corpus remedy for those imprisoned pursuant to a State court judgment, and that it was governed by both § 2241 and § 2254; for those imprisoned pursuant to a State court judgment, we held that the habeas corpus remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions." *Peoples v. Chatman,* 393 F.3d 1352, 1353 (11th Cir. 2004). Therefore, while Lee is correct that he could bring a § 2241 action, his petition is "governed by and subject to the rules and restrictions found in § 2254." *Id.* (citation omitted). Of paramount importance for purposes of Lee's present pleading, "[b]ecause there is a single habeas corpus remedy for those imprisoned pursuant to a State court judgment (authorized by § 2241 but subject to all of the restrictions of § 2254), and because one of those restrictions is the one-year statute of limitations set out in § 2244(d), it follows that the one-year statute of limitations applies to [Petitioner's] petition." *Id.* (internal citations omitted); *see also Gaines v. Attorney General, Florida,* 788 Fed.Appx. 623, 627 (11th Cir. Sept. 10, 2019) (per curiam) ("Habeas petitions filed under 28 U.S.C. § 2241 by state prisoners 'in custody pursuant to the judgment of a State court' are subject to the additional limitations of 28 U.S.C. § 2254 petitions.");[2] *Johnson v. Warden, Georgia Diagnostic and Classification Prison,* 805 F.3d 1317, 1323 (11th Cir.) ("Importantly, a state prisoner cannot evade the procedural requirements of §

---

[2]    "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

2254 by characterizing his filing as a § 2241 petition[.]"), *cert. denied,* ___ U.S. ___, 136 S.Ct. 532, 193 L.Ed.2d 420 (2015).

Indeed, the restrictions of § 2254 apply even where the petition raises claims only contesting the execution of the sentence. *Villar v. Warden,* 2017 WL 5617501, *3 (N.D. Ala. Nov. 3, 2017) ("[A]s far as habeas petitions filed by State prisoners are concerned, § 2254 governs them even where they raise claims only contesting execution of a sentence."), *report and recommendation adopted,* 2017 WL 5598438 (N.D. Ala. Nov. 21, 2017). And while Lee certainly suggests that his petition does not attack his conviction and seeks only to challenge the implementation of his sentence (*see* Doc. 1-1, PageID. 11), Lee's petition takes direct aim at his conviction and sentence (*see* Doc. 1, PageID. 6 & 7 (challenging the indictment and his sentencing under Alabama's Habitual Felony Offender Act)). *See Villar, supra,* at *3 (finding "Villar [] wrong that his habeas claims do not attack the validity of his convictions and sentence; he expressly demands that this court set them aside on the ground that the state proceedings in which they arose were tainted by violations of his constitutional rights."))

**B.**    **Statute of Limitations.**    The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Lee has made no showing that subsections (B) and (C) of § 2244(d)(1) apply to his case, nor has he pinpointed the exact date that he first learned that the ADOC's website (and, perhaps, other records[3]) reflects that he is incarcerated pursuant to a

---

[3]    The records supplied by Lee himself reflect different information; for instance, the one record ("Incarceration Details") does show Lee is imprisoned on a charge of murder (Doc. 1-1, PageID. 17), whereas another attached document ("ADOC Inmate Summary") clearly reflects that Lee is serving a life sentence under the Habitual Felony Offender Act based on an attempted murder conviction (*id.,* PageID. 20).

conviction for murder in 1983,[4] for purposes of subsection (D);[5] therefore, the

timeliness of Lee's petition must be calculated under § 2244(d)(1)(A) based upon the

date on which his attempted murder conviction became final "by the conclusion of direct

review or the expiration of time for seeking such review[.]" *Id*. "For prisoners whose

convictions became final prior to the effective date of the AEDPA, the one-year statute

of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24,

1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert.*

_____

[4]        The ADOC's website *improperly r*eflects that Lee is incarcerated for murder, when it should reflect that he is serving a life sentence under Alabama's Habitual Felony Offender Act for *attempted murder*. The Clerk of Court is instructed to send a copy of this Report and Recommendation to the Attorney General's Office (*see* Doc. 7 (answer and brief of the respondent filed by the Attorney General's Office)) but, as well, the ADOC. The ADOC, either in conjunction with the Alabama Attorney General's Office or alone, should take whatever steps are necessary to ensure that its website (along with all pertinent ADOC paperwork, including Lee's Inmate Summary/Incarceration Details) is altered to reflect that Lee is serving a life sentence for *attempted murder,* not murder. Lee is quite right, he did not murder anyone; instead, he was convicted on January 26, 1983, following a jury trial in Mobile County, Alabama, of the attempted murder of Mobile Police Officer Steve Arthur. Given that the ADOC's website is verifiably *wrong* it matters not that Lee's habeas corpus attack is time-barred and otherwise procedurally barred; the website and all other paperwork retained by the ADOC should be changed to reflect the correct information. Should the ADOC refuse to change this false information and Lee is again denied parole on the basis of this false information, Lee can certainly pursue relief in this Court pursuant to 42 U.S.C. § 1983. *See Monroe v. Thigpen,* 932 F.2d 1437, 1442 (11th Cir. 1991) (recognizing that a movant is entitled to relief where he can establish that he was denied parole on the basis of the parole board's reliance upon false information in his file)

[5]        Instead of pinpointing that date, Lee alleges in a general manner that over the course of his more than 35 years of imprisonment, he has attempted to correct the record through motions directed to the Mobile County Circuit Court and letters directed to the Mobile County Circuit Clerk and the ADOC. (*See* Doc. 1-1, PageID. 12 & 14). More specifically as to the ADOC, Lee avers that he notified that body in January 1984, September 1993, August 1994 and April of 2003, that his sentence was for attempted murder, not murder, but that nothing was done to change the erroneous information contained on ADOC's records. From all of these statements, it is clear to this Court that Lee discovered the factual underpinnings of his "execution  of sentence" claim years before the filing of the instant federal habeas corpus petition, such that subsection (D) provides him no detour around the running of the one-year limitations period. In other words, because it is clear that Lee did not file his federal attack within one year of any of the four dates he specifically cites in his petition, his petition would still be time-barred under subsection (D).

*denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is applicable since Lee's conviction became final on February 2, 1984, when the Alabama Court of Criminal Appeals issued a certificate of final judgment of affirmance (*see* Doc. 7-1, PageID. 48).[6] *Brown v. Hooks*, 176 Fed. Appx. 949, 951 (11th Cir. Apr. 18, 2006) ("On March 23, 2001, the Alabama Court of Criminal Appeals affirmed his conviction. Brown did not petition for *certiorari* review in the Alabama Supreme Court, and his conviction became final on April 10, 2001, when the Certificate of Judgment issued."); s*ee Tinker v. Moore*, 255 F.3d 1331, 1332 & 1333 (11th Cir. 2001) ("Tinker was convicted on the robbery charge, and on January 29, 1997, the Third District Court of Appeal affirmed his conviction. . . . The mandate issued on February 14, 1997. . . . Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on his direct appeal. . . . Tinker's mandate issued on February 14, 1997, and thus he had until February 13, 1998, to file his § 2254 petition, absent tolling of the limitations period."), *cert. denied*, 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002).[7] Thus, Lee's one-year limitations period commenced on April 24,

---

[6]     The Alabama Court of Criminal Appeals affirmed Lee's conviction and sentence on January 10, 1984. *See Lee v. State,* 444 So.2d 895 (Ala.Crim.App. 1984). Because Lee did not petition for certiorari review in the Alabama Supreme Court, his conviction became final on February 2, 1984, when the Alabama Court of Criminal Appeals issued its final judgment of affirmance.

[7]     This Court recognizes that AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States." *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006); *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 17, 1997."). However, in those instances, as here, where a petitioner is not entitled to seek review in the (Continued)

1996 and expired on April 23, 1997, almost twenty-one (21) years before the filing of the instant habeas corpus petition.

Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"), because he did not collaterally attack his conviction and sentence in the state courts of Alabama (*compare* Doc. 1 *with* Doc. 7) and, therefore, his limitations period never tolled. *Cf. Sibley v. Culliver,* 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court

---

Supreme Court of the United States, he is not entitled to the benefit of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court, Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after the entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where . . . any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States."). *See Pugh,* 465 F.3d at 1299-1300. As previously indicated, Lee did not seek certiorari relief in the state court of last resort, that is, the Alabama Supreme Court; therefore, he was not entitled to seek direct review in the United States Supreme Court. *See id*. Lee's conviction became final when the certificate of judgment issued from the Alabama Court of Criminal Appeals on February 4, 1984, *Brown, supra,* and this Court need not add to that final judgment date the 90 days contemplated in Supreme Court Rule 13.1, *compare Pugh,* 465 F.3d at 1299-1300 *with Tinker, supra,* 255 F.3d at 1332 & 1333.

petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Accordingly, the only avenue by which this Court can consider the merits of the claims raised in Lee's petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence of the crime—attempted murder—for which he was convicted by a jury of his peers on January 26, 1983.

In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dep't of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d

1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). It is also clear that a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied sub nom. San Martin v. Tucker,* 565 U.S. 843, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011).

Lee makes no argument that he is entitled to equitable tolling of the one-year limitations period, and since "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D. Miss. Jul. 9, 2013), the undersigned concentrates on a consideration of Petitioner's implicit "actual innocence" argument (*see* Doc. 1-1, PageID. (although Petitioner states he does not challenge his conviction, he then goes on to highlight that at the time of his arrest he denied any involvement in the shooting of Officer Arthur and that, at trial "[t]he State . . . offered no physical evidence and only provided courtroom identification by Arthur and his partner

David Wilhelm.")). In other words, because Lee nowhere attempts to establish that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period, *compare Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'") *with Pugh, supra,* 465 F.3d at 1300-01 ("Pugh bore the burden of establishing that equitable tolling was warranted."), the undersigned need only consider his implicit "actual innocence" argument because it is clear that nothing other than Petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition.

Lee has not shown that he is entitled to have the untimeliness of his § 2254 petition excused based on actual innocence. In *McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the Supreme Court specifically held that "actual [factual] innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id.* at 386, 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id*. (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*., quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Here, of course, to the extent Lee has made an implicit actual innocence argument, that argument need fail because he has offered no new evidence

establishing his actual (factual) innocence of the attempted murder of Officer Steve

Arthur. Instead, Petitioner simply impugns the lack of physical evidence and the State's

reliance upon the identification testimony of Arthur and his partner; however, these

claims/arguments by Petitioner simply do not support an actual (factual) innocence

claim in accordance with *McQuiggin* because they rely on the evidence presented at

Petitioner's trial (or the lack of evidence at his trial), not on any "new evidence." Thus, it

is clear that Petitioner cannot take advantage of the actual innocence gateway

recognized in *McQuiggin.*

This is not one of those rare cases in which principles of equitable tolling can

save petitioner from AEDPA's one-year limitations period, nor has he established his

actual innocence of the offense (attempted murder) for which he was convicted by a jury

of his peers. Accordingly, Lee's § 2241 petition should be dismissed as time-barred in

accordance with 28 U.S.C. § 2244(d).

## B.    Exhaustion of State Remedies and the Procedural Default Doctrine.

A threshold issue in a federal habeas corpus case brought by a state prisoner is

whether the petitioner has properly raised the federal constitutional claims in the state

courts, thereby exhausting all available state court remedies. 28 U.S.C. § 2254(b). The

origins of the exhaustion requirement are found in principles of comity, "which protect

the state court[]s['] role in the enforcement of federal law and prevent disruption of

state court proceedings." *Jackson v. Estes,* 2015 WL 5117717, *8 (N.D. Ala. Aug. 28,

2015), citing *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379

(1982).[8]

> In order to exhaust his state remedies, a state prisoner who seeks federal habeas corpus relief must present the same claim to the state court that he presents to the federal court. *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Thus, in order to exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court,[9] either on direct appeal or on collateral review.[10] *See Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct.

---

[8]    The Supreme Court has long held

that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. (citations omitted) This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the opportunity to address and correct alleged violations of state prisoners' federal rights.

.    .    .

[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer "available" to him.  (citations omitted) In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Coleman v. Thompson,* 501 U.S. 722, 731 & 732, 111 S.Ct. 2546, 2554-2555 & 2555, 115 L.Ed.2d 640 (1991).

[9]    And, of course, therefore, "[c]laims which have never been presented to a state court . . . are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules." *Sanchez v. Hetzel,* 2014 WL 1491178, *2 (M.D. Ala. Apr. 15, 2014) (citations omitted).

[10]    Indeed, "[t]o challenge a conviction issued by an Alabama state court, a petitioner must assert the [federal] claim on direct appeal or in a Rule 32 proceeding, appeal any adverse ruling, seek rehearing in the Alabama Court of Criminal Appeals, and file a petition for writ of certiorari in the Alabama Supreme Court." *Shapley v. Thomas,* 2014 WL 4470700, *4 (N.D. Ala. Sept. 4, 2014) (citations omitted); *see Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]n order to exhaust state remedies as to a federal constitutional issue a petitioner is (Continued)

1056, 1060, 103 L.Ed.2d 380 (1989) (quotation marks and citation omitted). In addition, the state court petition must make the state courts aware that the claims asserted do, in fact, raise federal constitutional claims. *See Snowden v. Singletary,* 135 F.3d 732, 735 (11th Cir. 1998).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999). More precisely, "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* 845, 119 S.Ct. at 1732; *see also Kelley v. Secretary for Dep't of Corrs.,* 377 F.3d 1317, 1344 (11th Cir. 2004) ("The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim.'"). If a petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established.

*Id.* (footnotes added and footnote omitted). In other words, when a petitioner has procedurally defaulted a claim by failing to exhaust state court remedies that are no longer available, *see O'Sullivan, supra,* 526 U.S. at 848-49, 119 S.Ct. at 1734, a federal court is barred from reaching the merits of that claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565. The cause and prejudice standard applies "uniformly to all independent and adequate state procedural defaults." *Id.* at 750-751, 111 S.Ct. at 2565.

_____

required to file a petition for discretionary review in the state's highest court raising that issue, if discretionary review is part of the appellate procedure in the state, [*O'Sullivan v. Boerckel,* 526 U.S.] at 845-47, 119 S.Ct. at 1732-34."), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002).

> In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. In addition, constitutionally [i]neffective assistance of counsel is cause. Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show actual prejudice resulting from the errors of which he complains.
>
> Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice.

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517

(1991) (internal quotation marks and citations omitted).

In her answer, the respondent asserts that all of petitioner's claims are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) due to Lee's failure to "fairly present" these claims throughout "one complete round of the State's established appellate review process[,]" *id.* at 845, 119 S.Ct. at 1732 (*see* Doc. 7, PageID. 35). *Compare McNair v. Campbell,* 416 F.3d 1291, 1302 & 1305 (11th Cir. 2005) ("Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court. . . . In order to be exhausted, a federal claim must be fairly presented to the state courts. . . . [I]n order to ensure that state courts have the first opportunity to hear all claims, federal courts 'have required a state prisoner to present the state courts with the ***same*** claim he urges upon the federal courts.' . . . It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no

17

longer available, the failure also constitutes a procedural bar. . . . In such a situation, the Supreme Court has held that the petitioner has failed to properly exhaust his state court remedies and therefore has procedurally defaulted his claims. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999)."), *cert. denied,* 547 U.S. 1073, 126 S.Ct. 1828, 164 L.Ed.2d 522 (2006), *with Kelley v. Secretary for the Dep't of Corrections,* 377 F.3d 1317, 1344 & 1351 (11th Cir. 2004) ("[T]he prohibition against raising nonexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief. For example, habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts. . . . Dismissing a mixed petition is of little utility [] when the claims raised for the first time at the federal level can no longer be litigated on the merits in state court because they are procedurally barred. In such a case, requiring the petitioner to return to state court only to make a futile application for relief simply delays the federal courts' adjudication of his petition."), *cert. denied,* 545 U.S. 1149, 125 S.Ct. 2962, 162 L.Ed.2d 906 (2005). And, here, Petitioner has couched all of his claims raised in his § 2241 federal petition as constitutional claims yet he has failed to raise every one of those claims (indeed, he has not raised any of those claims) to Alabama's Supreme Court. (*Compare* Doc. 1 *with* Doc. 7). At best, Lee states that he "attempted through motions to the [Mobile County Circuit] Court, letters to the A.D.O.C. and the Mobile County Circuit Clerk to correct the record[.]" (Doc. 1-1, PageID. 12; *see* Doc. 1, PageID. 6 (Petitioner's claim that he filed a motion or petition in the Circuit Court of Mobile County, Alabama on January 5, 2018, seeking the case action summary sheet, the trial transcript, the arrest report, the police investigation

report, and all indictments but that he received only one indictment in response to this inquiry[11])). This, of course, amounts to a backhanded admission not only that he has failed to present all of his constitutional claims (raised in the instant petition) to Alabama's Supreme Court but, as well, that he cannot establish (through provision of actual paperwork he filed in the Circuit Court of Mobile County, Alabama) that he presented all of these claims even to the Circuit Court of Mobile County, Alabama. Accordingly, Petitioner has not exhausted his state remedies and cannot now present these claims "coldly" to the Alabama Supreme Court; therefore, these claims are procedurally defaulted because state procedural rules would bar him from raising these claims in the state courts of Alabama. *Compare McNair, supra,* 416 F.3d at 1302 & 1305 *with Bailey v. Nagle,* 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."). Accordingly, this Court is barred from reaching the merits of any claims raised by Lee absent Petitioner demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565.

---

[11]     Petitioner has now received all information that exists relative to his attempted murder conviction (*see* Doc. 7, PageID. 42 ("I hereby certify that I have mailed by United States Postal Service the document (including all exhibits) to the following non-CM/ECF participant to the address listed on the Department of Corrections website: Donald Dewayne Lee, AIS # 134285, Fountain Correctional Facility, Fountain 3800, Atmore, Alabama 36503-3800.")) and, therefore, his silence following his receipt of that information indicates that he concedes that his claims are unexhausted and, therefore, procedurally defaulted.

Petitioner has filed no response to the Respondent's Answer (*see* Doc. 7) in the more than two years since it was filed in this Court (*compare id.* (response filed on September 6, 2018) *with* Docket Sheet (no reply or traverse to the response filed by Lee)). And since Lee's petition itself does not contain any cause and prejudice argument, this Court should conclude that the cause and prejudice exception to the procedural default doctrine is not applicable in this case. *See Macklin v. Singletary*, 24 F.3d 1307, 1313 (11th Cir. 1994) (in abuse of the writ case, appellate court suggests that habeas courts need perform no analysis when the petitioner fails to argue an exception to application of the doctrine), *cert. denied*, 513 U.S. 1160, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995).

The fundamental miscarriage of justice/actual innocence exception does not apply in this case because Petitioner has not attempted to satisfy the standard set forth in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That standard requires Lee to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496, 106 S.Ct. at 2649-2650. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."

*Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (citation omitted). As previously discussed in regard to the actual innocence gateway in *McQuiggin, supra,* Lee has not come forward with any new reliable evidence that establishes his actual factual innocence of the attempted murder of Officer Steve Arthur, for which he was convicted on January 26, 1993. Accordingly, this case is not one of those rare cases in which the actual innocence exception is applicable.[12]

     **C.**    **Certificate of Appealability**.  Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is

---

[12]    The undersigned would parenthetically note that the records supplied by the State in this very old criminal case refute most of Lee's principal conclusory allegations. For instance, the 1982 indictment decidedly ***did not*** charge Lee with murder; instead, it clearly charged him with attempted murder. (*Compare* Doc. 1, PageID. 18 *with* Doc. 7-1, PageID. 53 (i1982 indictment charge Lee with attempted murder)). Moreover, the records reflect that the State provided a certified copy of Lee's 1981 conviction of first-degree theft of property (*see* Doc. 7-1, PageID. 120-23), a Class B felony, *see* Ala.Code § 13A-8-17(b). Therefore, following the jury's verdict finding Lee guilty of attempted murder on January 26, 1983, a Class A felony, *see, e.g., Daniels v. State,* 762 So.2d 864, 868 (Ala.Crim.App. 1999) (attempted murder is a Class A felony), Lee was properly sentenced to life imprisonment under Alabama's Habitual Felony Offender Act, *see* Ala.Code § 13A-5-9(a)(3) ("In all cases when it is shown that a criminal defendant has been previously convicted of a Class A, Class B, or Class C felony and after the conviction has committed another Class A, Class B, or Class C felony, he or she must be punished as follows: . . . (3) On conviction of a Class A felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years."); *cf.* Ala.Code § 13A-5-6(a)(1) (recognizing that a Class A felony is punishable by imprisonment "for life or not more than 99 years or less than 10 years"). And, finally, while it is clear that ADOC's website and perhaps some of its paperwork improperly reflect that Lee is incarcerated on a murder conviction, other ADOC paperwork correctly reflects that he is serving a life sentence under the Habitual Felony Offender Act following an attempted murder conviction. Moreover, Lee has offered not one scrape of evidence that the errors in some of his paperwork is the but for cause for the numerous denials of parole (some 12 in number) and his ineligibility for work release. As aforesaid, however, to the extent Lee is again denied parole, if he can show in a § 1983 action that the denial was based solely on false information contained in his file he may be entitled to relief. *See Monroe v. Thigpen, supra.*

entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as equitable tolling is an extraordinary remedy which the Eleventh Circuit has rarely granted, *see Diaz, supra*, 362 F.3d at 701 ("[T]his court has rejected most claims for equitable tolling."), and petitioner has defaulted the claims he wishes this Court to address pursuant to *O'Sullivan v. Boerckel, supra*, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Lee should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could

not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa,* 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Donald D. Lee's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed as time-barred under § 2244(d). Alternatively, Petitioner is not entitled to any relief in this Court because he has procedurally defaulted his claims pursuant to *O'Sullivan v. Boerckel*. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis.*

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of November, 2020.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**